UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. SHARANOFF, | No. 2:13-cv-0794 AC P |
| Petitioner, | |
| v. | ORDER |
| WARDEN, | |
| Respondent. | |

Petitioner, a state inmate proceeding pro se and in forma pauperis, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent has filed an answer, ECF No. 11, and the time to file a traverse has expired.  Before this court could rule on the pending habeas corpus application, petitioner filed a "Motion to Quit Claim and Re-File in [a] Timely Manner."  ECF No. 13.  It is not clear from the motion whether petitioner seeks a voluntary dismissal of his present habeas action or whether he is requesting a stay and abeyance in order to return to state court to exhaust newly discovered claims.  See ECF No. 13 at 1.  To the extent that petitioner is requesting a voluntary dismissal, respondent does not oppose the motion.  ECF No. 14.  However, if petitioner is seeking a stay and abeyance respondent does oppose the motion because it is not clear whether any new claims would relate back to the original timely-filed habeas corpus petition.  See ECF No. 14 at 2.  Because it is not clear what relief petitioner seeks, the undersigned will deny the motion to quit claim without prejudice to re-filing either a motion for voluntary dismissal or a motion for stay and abeyance.

1

In considering which motion to file, petitioner is advised that a court may stay a petition and hold it in abeyance pursuant to either Rhines v. Weber, 544 U.S. 269 (1995), or King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing three-step procedure of Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) ).  Kelly and Rhines set out different procedures and impose different requirements for obtaining a stay.  Under Rhines, 544 U.S. at 277-78, a federal petition containing both exhausted and unexhausted claims may be stayed only if (1) petitioner demonstrates good cause for the failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) petitioner has not been dilatory in pursuing the litigation.  Under Kelly, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims.  King v. Ryan, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71).  Once the additional claims have been exhausted, the petitioner may then amend his petition to add them to the original petition *if they are not time-barred*.  Id. at 1135, 1140-41.  The court may deny a request for stay under Kelly if the new claims would clearly be barred by the federal statute of limitations upon exhaustion.  See id. at 1141.

Petitioner must file a motion for a stay and abeyance setting forth which claims have been exhausted and which he seeks to exhaust.  Petitioner must also specify whether he seeks a stay pursuant to Rhines or Kelly.  If petitioner elects to pursue a Rhines stay, he must demonstrate how he meets the requirements for such a stay as set forth above.

Petitioner is further advised that any request to voluntarily dismiss the present habeas corpus action may preclude the federal court from reviewing any claims in a subsequently filed petition due to the one year statute of limitations of the AEDPA.  See 28 U.S.C. § 2244(d)(1).

On April 25, 2013, an Order Re Consent or Request for Reassignment was issued in this case, together with the appropriate form.  All parties were required to complete and file the form within 30 days.  Although the 30-day period has expired, and petitioner filed a completed form on May 1, 2013, respondent has not yet filed the required form.

////

////

Accordingly, IT IS ORDERED that:

1. Respondent shall show good cause in writing, within ten days after this order is filed, for failing to file a completed consent or request for reassignment form. Prompt filing of a completed form will be deemed full compliance with this order and will discharge the order to show cause.

2. Petitioner's motion to quit claim, ECF No. 13, is denied without prejudice.

3. Petitioner is granted thirty days to file either a motion for voluntary dismissal or a motion for a stay and abeyance of the present action.

4. Should petitioner file a motion for a stay and abeyance, he shall identify both his exhausted and unexhausted claims, and the procedure (Kelly or Rhines) under which he seeks a stay.

5. Respondent is granted fourteen days to file a response or a notice of non-opposition to any motion filed by petitioner.

DATED: February 14, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3