UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. SHARANOFF,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | No. 2:13-cv-00794 LKK AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a habeas corpus petition pursuant to 28 U.S.C. § 2254. On February 18, 2014, this court denied petitioner's "motion to quit claim" without prejudice to refiling either a motion for voluntary dismissal or a motion for stay and abeyance. ECF No. 15. In response, petitioner filed a motion to stay, ECF No. 19, which he renewed a mother later, ECF No. 22, and supplemented a week thereafter, ECF No. 23. Respondent filed an opposition to each motion for a stay. ECF Nos. 20, 25. Petitioner has also filed a first amended § 2254 petition which contains only unexhausted claims for relief. ECF No. 21.

I.   Factual and Procedural Background

Following a jury trial in the El Dorado Superior Court, petitioner was convicted of Second Degree Murder, Elder Abuse, two counts of Possession of a Firearm by a Convicted Felon, and Possession of Ammunition by a Felon. The jury also found true the accompanying firearms enhancements. On September 30, 2010, petitioner was sentenced to a total term of 80 years to

1  life under California's Three Strikes Law.

2  Petitioner appealed his convictions to the California Court of Appeal raising two separate
3  claims for relief.  He first argued that the trial court prejudicially erred in admitting uncharged
4  prior bad acts from 1986 and 1994.  See Lodged Doc. No. 3 (Appellant's Opening Brief).  In his
5  last argument, petitioner asserted that the trial court prejudicially erred in failing to instruct on
6  imperfect self-defense as a theory of voluntary manslaughter.  Id.  On February 27, 2012, the
7  California Court of Appeal affirmed petitioner's convictions in an unpublished opinion.  See
8  Lodged Doc. No. 6.  The California Supreme Court denied his petition for review on May 9,
9  2012.  See Lodged Doc. No. 8.

10  Petitioner did not file any state habeas corpus petition challenging his convictions until
11  after he had filed the instant § 2254 petition in federal court.  His only state habeas corpus petition
12  was filed in the El Dorado Superior Court on February 24, 2014 and denied on April 3, 2014.  See
13  ECF No. 24-1 at 95-100.  Although petitioner indicates in his pleadings that he has an "appeal" of
14  the trial court's denial of habeas corpus relief pending in the California Court of Appeal, a search
15  of online court records in the Third Appellate District indicates that there is no current or past
16  habeas petition ever filed by petitioner.  See ECF No. 24 at 4; see also
17  http://appellatecases.courtinfo.ca.gov/ (last searched May 29, 2014).

18  II.    Original § 2254 Petition

19  In his federal habeas corpus petition filed on April 15, 2013, petitioner raised six distinct
20  claims for relief.[1]  ECF No. 1 at 5.  First petitioner asserts that the trial court prejudicially erred in
21  admitting prior bad act evidence from 1986 and 1994.  Id.  Secondly, petitioner alleges that he

---

[1] Petitioner was afforded the benefit of the prison mailbox rule in determining the filing date of his petition.  See Houston v. Lack, 487 U.S. 166, 276 (1988).  Moreover, his pro se pleading was liberally construed by this court even though his habeas petition is not a model of clarity.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating that pro se pleadings are to be liberally construed).  The confusion that has been generated in this case is largely due to petitioner's failure to separately identify each claim for relief and the supporting facts on a separate page of the petition.  See ECF No. 1.  Instead, petitioner chose to list all of his claims for relief under the section entitled "Ground One" of the federal habeas petition.  ECF No. 1 at 5.  Lumping all of the claims together without any description of the facts supporting each one has made it difficult to discern the actual meaning of each claim.  The court has been required to piece together petitioner's theory of relief from various pleadings and exhibits.

1 received ineffective assistance of counsel, but does not identify any specific acts or omissions that
2 prejudiced him. Id. Next petitioner contends that the Three Strikes Law is a violation of the ex
3 post facto clause. Id. In his fourth claim for relief, petitioner alleges that the enhancement for
4 elder abuse was illegal because the victim was suspected of fraud against the federal government.
5 Id. Fifth, petitioner contends that the police tampered with evidence. Id. Because petitioner
6 attached a copy of his opening brief on direct appeal in the California Court of Appeal, which
7 contains an additional challenge to the trial court's failure to instruct the jury on imperfect self-
8 defense, the court will liberally construe the petition as presenting this sixth claim for relief. ECF
9 No. 1 at 16-63.

III. Respondent's Answer

To add to the confusion that exists in this case, respondent answered the original petition by addressing only the two exhausted claims for relief that had previously been presented on direct appeal. Respondent did not address the unexhausted claims. See ECF No. 11. As a result of the respondent's failure to identify all of the claims presented in the habeas petition, respondent did not address the mixed nature of the petition itself. Id.

IV. Motions for a Stay

After being advised by this court of the two separate procedures for requesting a stay, petitioner filed a motion for a stay pursuant to both "Rhines v. Weber, 544 U.S. 269 (1995), or King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009)." See ECF No. 19. Rather than choose one of these procedures as he was instructed to do, petitioner merely repeated the language in the court's original order. Compare ECF No. 15 (court order) with ECF No. 19 at 1 (motion for a stay). In this vein, petitioner's motion is not illuminating. However, petitioner did identify the exhausted as well as non-exhausted claims he wishes to pursue. Petitioner attached portions of his opening brief on direct appeal, and his only state habeas corpus petition with hand-written notations indicating which claims he still needs to exhaust. See ECF No. 19 at 3, 13-35. In his motion, petitioner made the general assertion that he had good cause for his failure to exhaust, his claims "will be found to potentially have merit and significance in part if not in whole," and he has not been dilatory in pursuing relief. Id. at 2.

1    In petitioner's second motion for a stay filed on April 14, 2014, he specified that he was
2 seeking a stay pursuant to Rhines v. Weber. ECF No. 22 at 1.  He contends that he is entitled to
3 a stay because he raised the new grounds in state court within one year of the appellate attorney's
4 exhaustion of claims on direct appeal. Id.  As good cause for his failure to exhaust, petitioner
5 asserts that he is a pro se litigant with limited access to the law library. ECF No. 22 at 3.  He is
6 also mentally disabled due to his diagnosis of juvenile autism, adult-onset schizophrenia, and
7 depression. Id. at 3-4.  He also alleges that appellate counsel was ineffective for failing to raise
8 the unexhausted claims on direct appeal. Id. at 3.

9 V.    Opposition to Motions for a Stay

10    In his first opposition to the motion for a stay, respondent correctly noted that petitioner
11 had not indicated whether he was seeking a stay pursuant to Rhines or Kelly v. Small, 315 F.3d
12 1063 (9th Cir. 2003).  ECF No. 20 at 2.  Once petitioner corrected this defect, respondent asserted
13 in a second opposition that a stay is not warranted based on petitioner's pro se status as a prisoner,
14 his limited access to a law library, or his mental disability. ECF No. 25 at 3-5.  Respondent also
15 argued that the alleged ineffective assistance of appellate counsel did not prevent petitioner from
16 properly exhausting his claims in state court. Id. at 4-5.

17 VI.    Governing Legal Principles

18    Habeas petitioners are required to exhaust state remedies before seeking relief in federal
19 court. 28 U.S.C. § 2254(b).  The exhaustion doctrine ensures that state courts will have a
20 meaningful opportunity to consider allegations of constitutional violation without interference
21 from the federal judiciary. Rose v. Lundy, 455 U.S. 509, 515 (1982).  Exhaustion requires fair
22 presentation of the substance of a federal claim to the state courts. Picard v. Connor, 404 U.S.
23 270, 276, 278 (1971).  In order to exhaust state remedies, a federal claim must be presented to the
24 state's highest court. Castille v. Peoples, 489 U.S. 346 (1989).  Here, that means presentation to
25 the California Supreme Court.

26    Federal district courts may not adjudicate petitions for habeas corpus which contain both
27 exhausted and unexhausted claims. Rose, 455 U.S. at 518–19.  However, that does not mean that
28 a mixed petition must be dismissed.  After the enactment of the AEDPA and its creation of a one

year statute of limitations for filing federal habeas petitions in 1996, the Supreme Court recognized the procedural trap that is created by the total exhaustion rule. "As a result of the interplay between AEDPA's 1–year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines, 544 U.S. at 275. Therefore, pursuant to Rhines, 544 U.S. at 277-78, a federal petition containing both exhausted and unexhausted claims may be stayed only if (1) petitioner demonstrates good cause for the failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) petitioner has not been dilatory in pursuing the litigation.

Although the Rhines "good cause" standard does not require a showing of extraordinary circumstances, Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005), the Ninth Circuit has rejected a "broad interpretation of 'good cause.'" Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), cert. denied, 556 U.S. 1285 (2009). The Supreme Court in Rhines emphasized that district courts should stay mixed petitions only in "limited circumstances." Rhines, 544 U.S. at 277. Accordingly, good cause is not shown where the petitioner created the condition that led to the failure to exhaust. See Wooten, 540 F.3d at 1024.

VII. Analysis of Motion for Stay

First, in order to provide guidance to petitioner, the court will identify the exhausted claims as well as the unexhausted claims in the original habeas petition. The only exhausted claims in petitioner's federal petition are his challenge to the trial court's admission of prior bad act evidence from 1986 and 1994 and the challenge to the trial court's failure to instruct on imperfect self-defense. The remaining four claims alleging ineffective assistance of counsel, an ex post facto violation, an illegal sentencing enhancement, and evidence tampering are all unexhausted because they have not been presented to the California Supreme Court.

Assuming without deciding that petitioner has good cause for his failure to exhaust and has not intentionally delayed presenting his claims to the state court, the undersigned recommends denying a stay because the unexhausted claims lack merit. See Rhines, 544 U.S. at 277 ("even if a petitioner had good cause for that failure [to exhaust], the district court would

abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.").

First, petitioner alleges that he received ineffective assistance of counsel. In support of this claim for relief, petitioner attaches a one page excerpt of the trial transcript with hand-written notations indicating that his attorney should have objected to the prosecutor's questioning of a witness as leading. ECF No. 1 at 87. This isolated example from a lengthy jury trial falls far short of establishing either deficient performance or prejudice under Strickland v. Washington, 466 U.S. 668 (1984). Therefore, a stay to exhaust this claim is unwarranted.

Petitioner's second claim, that the use of his prior "counts and enhancements" under the Three Strikes Law violated the ex post facto clause, also lacks merits. The application of a recidivist sentencing enhancement for a prior conviction does not violate the ex post facto clause when the statute is in effect at the time the triggering offense is committed. See United States v. Kaluna, 192 F.3d 1188, 1999 (9th Cir. 1999) ("The Supreme Court and this court uniformly have held that recidivist statutes do not violate the Ex Post Facto Clause if they are 'on the books at the time the [present] offense was committed.'" (citations omitted)); cert. denied, 529 U.S. 1056 (2000). Although petitioner never identifies what "counts and enhancements" he is referring to, the court has reviewed the underlying strikes which were found true by the trial court and concluded that there is no ex post facto violation. See I C.T. at 217 (criminal information alleging that petitioner had suffered two prior strikes); III C.T. 785 (minute entry regarding trial court's determination that strike priors are true). California's Three Strikes law was in effect at the time of petitioner's commitment offenses in 2010. Accordingly, a stay is not warranted in order to exhaust this claim for relief.

Petitioner presents absolutely no facts supporting his third claim for relief that the elder abuse conviction was illegally imposed because the victim had committed fraud. The only personal characteristic of the victim that is an element of California Penal Code § 368(b)(1) is the age of the victim. Even assuming that the victim had a prior criminal record, it would not be relevant in determining whether petitioner had committed elder abuse. Because there is no conceivable factual or legal basis for this claim, it does not justify a stay.

1    The last unexhausted claim for relief, alleging evidence tampering, involves the police
2 department's cutting of the fence and the Manzanita bushes surrounding the homeless
3 encampment where this crime occurred, in order to reach the victim.  The court notes that
4 petitioner does not specify what federal constitutional guarantee he believes was violated.  The
5 jury heard evidence of how the police gained entrance into the homeless encampment.  See II
6 R.T. 239-42.  Accordingly, even assuming the information has some material evidentiary value,
7 there was no discernible prosecutorial misconduct or Brady violation[2] because no information
8 was withheld.  To the extent that petitioner is contending that the testimony regarding the barriers
9 surrounding the homeless encampment constitutes false evidence, the issue boils down to a
10 challenge to the jury's credibility determinations.  Credibility determinations are entitled to near
11 total deference on habeas review.  See Schlup v. Delo, 513 U.S. 298, 330 (1995).  The jurors were
12 permitted to view the crime scene, and accordingly could use their own observations to assess the
13 credibility of the police witnesses who testified about the removal of the barriers to the homeless
14 encampment.  In light of these flaws with petitioner's reasoning as well as the lack of any
15 constitutional basis to support relief on the facts alleged, this claim does not warrant a stay of
16 federal habeas proceedings.
17    For all the reasons explained above, petitioner's motion for stay and abeyance pursuant to
18 Rhines should be denied.[3]  See Clark v. Ricketts, 958 F.2d 851 (9th Cir.), cert. denied, 506 U.S.

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

[3] To the extent that petitioner may also be seeking to exhaust the prosecutorial misconduct and judicial bias claims presented in his state habeas corpus petition filed in the trial court, these unexhausted claims would not relate back to the original and timely filed federal habeas corpus petition.  See Mayle v. Felix, 545 U.S. 644 (2005).  As a result, these claims would clearly be untimely since the one year statute of limitations expired in this case on August 7, 2013, rendering even the amended federal habeas petitions untimely.  Therefore, any stay for purposes of exhausting these claims would be futile.  Moreover, this same defect also applies to any additional ineffective assistance of counsel claims raised, but not yet exhausted in state habeas proceedings.  Petitioner's reference to one isolated example of trial counsel's ineffectiveness in the original petition is not sufficient to allow him to relate-back additional claims against trial counsel, much less entirely new claims against appellate counsel.  See Schneider v. McDaniel, 674 F.3d 1144, 1151 (9th Cir. 2012) (affirming district court's decision that a petitioner's original assertion of ineffective assistance of appellate counsel does not support the relation back of "any and every claim of ineffective assistance of appellate counsel that petitioner thereafter may decide to raise.")

838 (1992) (stating that a federal court need not send a petitioner back to state court to exhaust a patently frivolous claim).

VIII.   Amended Federal Habeas Petitions

While the motions for a stay were pending, and long after respondent had filed his answer to the original petition, petitioner filed two separate amended federal habeas petitions. See ECF No. 21, 24. The case caption of the first-filed amended petition reflects that petitioner may have intended to file this "petition for writ of mandate pursuant to Case No. PC 20140101" in the California Supreme Court. ECF No. 21 at 1. In this amended application, petitioner complains that the El Dorado County Court has not fulfilled its duty within the time limit for responding to his habeas corpus petition. Id. This amended petition contains no specific claims for relief and is comprised mostly of exhibits. "It is the petitioner's belief that upon seeing the attached facts and evidence the entitlement to relief is so obvious that no purpose could reasonably be served by further consideration of [the] issue" and that relief should be immediately granted. Id. at 2. By way of relief, petitioner seeks compensatory damages for the property that he lost upon his arrest, punitive damages totaling $5.6 million dollars, dismissal of all criminal charges, and an order compelling the trial court to expunge his convictions. Id. at 3-5.

In the subsequently filed amended habeas application, petitioner does directly challenge his 2010 criminal convictions. ECF No. 24. Petitioner alleges six claims for relief which are all unexhausted. He first alleges that he was wrongfully convicted by false testimony and/or false evidence because Paul Oakes, the only eyewitness, "testified false[ly]and [police] officers removed barb wire." Id. at 5. Secondly, his conviction was secured through the use of prosecutorial misconduct "not limited to being prosecuted in [an] arbitrary and/or discriminatory manner." Id. at 7. Next, petitioner alleges that the trial judge engaged in misconduct "not limited to judicial prejudice and/or directly knowingly allowing the prosecutor to commit illegal acts by bringing false evidence, misrepresenting facts, and misquoting and confusing the jury." Id. at 8. Petitioner alleges that his attorneys Richard Meyer, Lori London, and appellate counsel Athena Shudde were ineffective for unspecified reasons. Id. at 10. Petitioner also asserts that the federal court is the sole authority to compel the state court to change its rules that require a defendant to

request a pinpoint jury instruction on imperfect self-defense.  Id. at 12.  Lastly, petitioner asserts that there is a conflict of interest in his sentence because his release date is contrary to the trial court's sentence of life with a chance of parole while still alive.  Id.

IX.     Standards Governing Leave to Amend

Under 28 U.S.C. § 2242, an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  See also Rule 12 of the Rules Governing § 2254 Cases (recognizing general applicability in habeas of rules of civil procedure).  Petitioner's motion is governed by Fed. R. Civ. P. 15(a)(2), which permits an amended pleading "only with the opposing party's written consent or the court's leave."[4]  In considering whether to grant leave to amend, under Rule 15(a)(2), the court "should freely give leave when justice so requires."  See, e.g., Outdoor Systems, Inc. v. City of Mesa, 997 F.2d 604, 614 (9th Cir. 1993) (the Ninth Circuit reviews a denial of leave to amend "for abuse of discretion and in light of the strong public policy permitting amendment.").  Factors to be considered include "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings."  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

X.      Analysis of Amended Federal Habeas Petitions

Here, petitioner failed to obtain consent from respondent or leave of court to file an amended petition prior to filing either of the amended petitions in the present action.  ECF Nos. 21, 24.  Such leave of court was required because petitioner's proposed amendments fall outside the timeframe provided for amendment as of right pursuant to Rule 15 of the Federal Rules of Civil Procedure.  Here, petitioner waited to file the amended habeas corpus petitions until ten months after respondent had filed an answer.  While recognizing that leave to amend shall be freely given, in the present case the only amended habeas petition that contains any specific claims for relief is wholly unexhausted.  See ECF No. 24.  Permitting petitioner to file an

---

[4] Fed.R.Civ.P.15 (a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

9

amended petition that would only be subject to dismissal is a futile act. Therefore, based on the undue delay as well as the futility of amending the original petition to include only unexhausted claims, the undersigned recommends denying petitioner leave to amend and striking both amended habeas corpus petitions from the docket.

XI.     Conclusion

Because he does not qualify for a stay of his originally-filed mixed petition under Rhines, petitioner has two remaining choices:  First, he may choose to delete the unexhausted claims from his original petition and proceed on his exhausted claims only.  Second, he may choose to accept dismissal without prejudice of the entire petition pending further exhaustion.  Petitioner is cautioned that if he elects this procedure, any subsequently-filed post-exhaustion petition would likely be subject to dismissal in its entirety as time-barred.  See 28 U.S.C. § 2244(d)(1).  The fact that a petition is dismissed "without prejudice" means that there is no bar to re-filing, but that does not protect petitioner from dismissal on statute of limitations grounds.  Because the limitations period is not tolled for the time the instant federal petition has been pending, Duncan v. Walker, 533 U.S. 167 (2001), any future petition may well be time-barred.  See Rhines, 544 U.S. at 275 (recognizing that dismissal of mixed petition can cause claims to be untimely by the time they are exhausted and re-submitted to the federal court.  See Porter v. Ollison, 620 F.3d 952, 958 (9th Cir.2010) (reviewing timeliness principles).  By electing dismissal without prejudice, petitioner risks forfeiting review on the merits of his exhausted claims as well as his unexhausted claims.

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. Petitioner's motions for a stay (ECF Nos. 19, 22) be denied;

2. Petitioner's amended federal habeas petitions (ECF No. 21, 24) be stricken from the docket;

3. Within 28 days of the filing date of any order adopting these findings and recommendations, petitioner be directed to file either: 1) a notice that he elects to delete the unexhausted claims and proceed on the merits of his remaining exhausted claims in the original § 2254 petition; or, 2) a notice of voluntary dismissal of this case without prejudice; and,

4. In the event that petitioner fails to elect either option identified above within the time provided, the claims identified herein as unexhausted will be stricken and those portions of the petition disregarded for all purposes. The case will then be deemed submitted on the basis of the petition as amended by operation of this order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 2, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE