UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH A. SHARANOFF,

             Petitioner,

    v.

WARDEN,

             Respondent.

No.  2:13-cv-00794-TLN-AC-P

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a habeas corpus petition pursuant to 28 U.S.C. § 2254.  On February 18, 2014, this court denied petitioner's "motion to quit claim" without prejudice to refiling either a motion for voluntary dismissal or a motion for stay and abeyance.  ECF No. 15.  In response, petitioner filed a motion to stay, ECF No. 19, which he renewed a month later, ECF No. 22, and supplemented a week thereafter, ECF No. 23.  Respondent filed an opposition to each motion for a stay.  ECF Nos. 20, 25.  Petitioner has also filed two amended § 2254 petitions which are currently pending before the court.  ECF Nos. 21, 24.

On June 3, 2014, the undersigned issued Findings and Recommendations on these pending motions to which petitioner filed objections.  See ECF Nos. 26 (Findings and Recommendations), 30 (Objections), 31 (Supplemental Objections).  In light of the contentions raised in petitioner's objections, the court vacated the Findings and Recommendations on July 17, 2014 and ordered petitioner to file a copy of his the habeas petition that he filed in the California

1

1   Supreme Court. ECF No. 32. Petitioner complied with the court's order on July 28, 2014.

2   Despite the changed procedural posture of this case, the undersigned recommends denying

3   petitioner's motions for a stay and abeyance for the reasons outlined below.

4   I.   Factual and Procedural Background

5       Following a jury trial in the El Dorado Superior Court, petitioner was convicted of Second

6   Degree Murder, Elder Abuse, two counts of Possession of a Firearm by a Convicted Felon, and

7   Possession of Ammunition by a Felon. The jury also found true the accompanying firearms

8   enhancements. On September 30, 2010, petitioner was sentenced to a total term of 80 years to

9   life under California's Three Strikes Law.

10      Petitioner appealed his convictions to the California Court of Appeal raising two separate

11  claims for relief. He first argued that the trial court prejudicially erred in admitting uncharged

12  prior bad acts from 1986 and 1994. See Lodged Doc. No. 3 (Appellant's Opening Brief). In his

13  second argument, petitioner asserted that the trial court prejudicially erred in failing to instruct on

14  imperfect self-defense as a theory of voluntary manslaughter. Id. On February 27, 2012, the

15  California Court of Appeal affirmed petitioner's convictions in an unpublished opinion. See

16  Lodged Doc. No. 6. The California Supreme Court denied his petition for review on May 9,

17  2012. See Lodged Doc. No. 8.

18      Petitioner did not file any state habeas corpus petition challenging his convictions until

19  after he had filed the instant § 2254 petition in federal court. His first state habeas corpus petition

20  was filed in the El Dorado Superior Court on February 24, 2014 and denied on April 3, 2014. See

21  ECF No. 24-1 at 95-100. Petitioner filed a separate state habeas petition in the California

22  Supreme Court on May 6, 2014 which was denied on June 25, 2014. See ECF Nos. 33 at 2-11

23  (state habeas petition), 31 at 2 (postcard denial issued by the California Supreme Court). In light

24  of this recent denial by the California Supreme Court, petitioner appears to argue that he has

25  properly exhausted all of the claims raised in his pending § 2254 petition.

26  II.   Original § 2254 Petition

27      In the federal habeas corpus petition filed on April 15, 2013, petitioner raised six separate

28

2

claims for relief.[1]  ECF No. 1 at 5.  First petitioner asserts that the trial court prejudicially erred in admitting prior bad act evidence from 1986 and 1994.  Id.  Secondly, petitioner alleges that he received ineffective assistance of counsel without identifying any specific acts or omissions that prejudiced him.  Id.  Next petitioner contends that the Three Strikes Law is a violation of the ex post facto clause.  Id.  In his fourth claim for relief, petitioner alleges that the trial court imposed an illegal enhancement for elder abuse because the victim was suspected of fraud against the federal government.  Id.  Petitioner also contends that the police tampered with evidence.  Id.  Because petitioner attached a copy of his opening brief on direct appeal in the California Court of Appeal containing an additional challenge to the trial court's failure to instruct the jury on imperfect self-defense, the court will liberally construe this as petitioner's sixth claim for relief.  ECF No. 1 at 16-63.

III.    Respondent's Answer

To add to the confusion that exists in this case, respondent answered the original petition by addressing only the two exhausted claims for relief presented on direct appeal, but not the remaining unexhausted claims.  See ECF No. 11.  As a result of the respondent's failure to identify all of the claims presented in the habeas petition, respondent did not address the mixed nature of the petition itself.  Id.

IV.    Motions for a Stay

After being advised by this court of the two separate procedures for requesting a stay, petitioner filed a motion for a stay pursuant to "Rhines v. Weber, 544 U.S. 269 (1995), or King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009)."  See ECF No. 19.  Rather than choose one of these

---

[1] Petitioner was afforded the benefit of the prison mailbox rule in determining the filing date of all state and federal petitions.  See Houston v. Lack, 487 U.S. 166, 276 (1988).  Moreover, his pro se pleading was liberally construed by this court even though his habeas petition is not a model of clarity.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating that pro se pleadings are to be liberally construed).  The confusion that has been generated in this case is largely due to petitioner's failure to separately identify each claim for relief and the supporting facts on a separate page of the petition. See ECF No. 1.  Instead, petitioner chose to list all of his claims for relief under the section entitled "Ground One" of the federal habeas petition.  ECF No. 1 at 5.  Lumping all of the claims together without any description of the facts supporting each one has made it difficult to discern the actual meaning of each claim.  The court has been forced to piece together petitioner's theory of relief from various pleadings and exhibits.

procedures as he was instructed to do, petitioner merely parroted back the language in the court's original order. Compare ECF No. 15 (court order) with ECF No. 19 at 1 (motion for a stay).  In this vein, petitioner's motion is not illuminating.  However, petitioner did identify the exhausted as well as non-exhausted claims he wishes to pursue by attaching portions of his opening brief on direct appeal and his state habeas petition filed in the trial court with hand-written notations indicating which claims he still needs to exhaust.  See ECF No. 19 at 3, 13-35.  In his motion, petitioner made the general assertion that he had good cause for his failure to exhaust, his claims "will be found to potentially have merit and significance in part if not in whole," and he has not been dilatory in pursuing relief.  Id. at 2.

In petitioner's second motion for a stay filed on April 14, 2014, he did specify that he was seeking a stay pursuant to Rhines v. Weber.  ECF No.  22 at 1.  He contends that he is entitled to a stay because he raised the new grounds in state court within one year of the appellate attorney's exhaustion of claims on direct appeal.  Id.  As good cause for his failure to exhaust, petitioner asserts that he is a pro se litigant with limited access to the law library.  ECF No. 22 at 3.  He is also mentally disabled due to his diagnosis of juvenile autism, adult-onset schizophrenia, and depression.  Id. at 3-4.  He also alleges that appellate counsel was ineffective for failing to raise the unexhausted claims on direct appeal.  Id. at 3.

V.      Opposition to Motions for a Stay

In his first opposition to the motion for a stay, respondent correctly noted that petitioner had not indicated whether he was seeking a stay pursuant to Rhines or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  ECF No. 20 at 2.  Once petitioner corrected this defect, respondent asserted in a second opposition that a stay is not warranted based on petitioner's pro se status as a prisoner, his limited access to a law library, or his mental disability.  ECF No. 25 at 3-5.  Respondent also argued that the alleged ineffective assistance of appellate counsel did not  prevent petitioner from properly exhausting his claims in state court.  Id. at 4-5.

VI.     Governing Legal Principles

Habeas petitioners are required to exhaust state remedies before seeking relief in federal court.  28 U.S.C. § 2254(b).  The exhaustion doctrine ensures that state courts will have a

4

1    meaningful opportunity to consider allegations of constitutional violation without interference

2    from the federal judiciary.  Rose v. Lundy, 455 U.S. 509, 515 (1982).  Exhaustion requires fair

3    presentation of the substance of a federal claim to the state courts.  Picard v. Connor, 404 U.S.

4    270, 276, 278 (1971).  In order to exhaust state remedies, a federal claim must be presented to the

5    State's highest court which is the California Supreme Court.  Castille v. Peoples, 489 U.S. 346

6    (1989).

7        Federal district courts may not adjudicate petitions for habeas corpus which contain both

8    exhausted and unexhausted claims.  Rose, 455 U.S. at 518–19.  However, that does not mean that

9    a mixed petition must be dismissed.  After the enactment of the AEDPA and its creation of a one

10   year statute of limitations for filing federal habeas petitions in 1996, the Supreme Court

11   recognized the procedural trap that is created by the total exhaustion rule.  "As a result of the

12   interplay between AEDPA's 1–year statute of limitations and Lundy's dismissal requirement,

13   petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their

14   opportunity for any federal review of their unexhausted claims."  Rhines, 544 U.S. at 275.

15   Therefore, pursuant to Rhines, 544 U.S. at 277-78, a federal petition containing both exhausted

16   and unexhausted claims may be stayed only if (1) petitioner demonstrates good cause for the

17   failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially

18   have merit, and (3) petitioner has not been dilatory in pursuing the litigation.

19       Although the Rhines "good cause" standard does not require a showing of extraordinary

20   circumstances, Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005), the Ninth Circuit has

21   rejected a "broad interpretation of 'good cause.'"  Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th

22   Cir. 2008), cert. denied, 556 U.S. 1285 (2009).  The Supreme Court in Rhines emphasized that

23   district courts should stay mixed petitions only in "limited circumstances."  Rhines, 544 U.S. at

24   277.  Accordingly, good cause is not shown where the petitioner created the condition that led to

25   the failure to exhaust.  See Wooten, 540 F.3d at 1024.

26   VII.    Analysis of Motion for Stay

27       First and foremost, in order to provide guidance to petitioner, the court will identify the

28   exhausted claims as well as the unexhausted claims in the original habeas petition.  The only

1  exhausted claims in petitioner's federal petition are his challenge to the trial court's admission of

2  prior bad act evidence from 1986 and 1994 and the challenge to the trial court's failure to instruct

3  on imperfect self-defense.  A review of petitioner's state habeas petition filed in the California

4  Supreme Court demonstrates that he has still not properly exhausted four claims raised in the

5  original § 2254 petition.  See ECF No. 33 at 2-11.  While petitioner did allege various instances

6  of ineffective assistance of counsel in his state habeas petition filed in the California Supreme

7  Court, none of those claims are presented in the original § 2254 petition.  The only ineffective

8  assistance of counsel claim presented in the § 2254 petition is based on a one page attachment of

9  the trial transcript indicating that counsel failed to object to the prosecutor's leading question.

10  See ECF No. 1 at 87.  That specific ineffective assistance of counsel claim has never been

11  presented to the California Supreme Court.  Therefore, it remains unexhausted along with the

12  additional three claims presented in the § 2254 petition alleging an ex post facto violation, an

13  illegal sentencing enhancement, and evidence tampering.

14       Based on the court's review of the state habeas petition filed in the California Supreme

15  Court, it appears that the only claims raised therein were based on prosecutorial misconduct for

16  colluding or covering up a witness's perjury, judicial bias or prejudice, and additional allegations

17  of ineffective assistance of counsel by attorneys Richard Meyer, Lori London, and Athena

18  Shudde.  ECF No. 33.  None of those claims are pending before this court.  Petitioner's

19  exhaustion of claims separate and apart from those raised in the pending § 2254 petition do not

20  render his motions for a stay and abeyance moot.  Therefore, petitioner still must meet the

21  standard articulated in Rhines for a stay of his pending § 2254 petition in order to return to state

22  court to exhaust the four claims described above.

23       As an initial matter, the undersigned will assume without deciding that petitioner has good

24  cause for his failure to exhaust and has not intentionally delayed presenting his claims to the state

25  court.  See Rhines, 544 U.S. at 277 ("even if a petitioner had good cause for that failure [to

26  exhaust], the district court would abuse its discretion if it were to grant him a stay when his

27  unexhausted claims are plainly meritless.").  However, the undersigned recommends denying a

28  stay because the unexhausted claims lack merit.

1    First, petitioner alleges that he received ineffective assistance of counsel.  In support of

2    this claim for relief, petitioner attaches a one page excerpt of the trial transcript with hand-written

3    notations indicating that his attorney should have objected to the prosecutor's questioning of a

4    witness as leading.  ECF No. 1 at 87.  This isolated example from a lengthy jury trial falls far

5    short of establishing either deficient performance or prejudice under Strickland v. Washington,

6    466 U.S. 668 (1984).  Therefore, a stay to exhaust this claim is unwarranted.

7    Petitioner's second claim that the use of his prior "counts and enhancements" under the

8    Three Strikes Law violated  the ex post facto clause also lacks merits.  The application of a

9    recidivist sentencing enhancement for a prior conviction does not violate the ex post facto clause

10   when the statute is in effect before the triggering offense was committed.  See United States v.

11   Sorenson, 914 F.2d 173, 174 (9th Cir. 1990).  Although petitioner never identifies what "counts

12   and enhancements" he is referring to, the court has reviewed the underlying strikes which were

13   found true by the trial court and concluded that there is no ex post facto violation.  See I. C.T. at

14   217 (criminal information alleging that petitioner had suffered two prior strikes); III C.T. 785

15   (minute entry regarding trial court's determination that strike priors are true).  Accordingly, a stay

16   is not warranted in order to exhaust this claim for relief.

17   Petitioner presents absolutely no facts supporting his third claim for relief that the elder

18   abuse conviction was illegally imposed because the victim had committed fraud.  The only

19   personal characteristic of the victim that is an element of California Penal Code § 368(b)(1) is the

20   age of the victim.  Even assuming that the victim had a prior criminal record, it would not be

21   relevant in determining whether petitioner had committed elder abuse.  Because there is no

22   factual or legal basis supporting this claim for relief, it does not justify a stay in this case.

23   The last unexhausted claim for relief based on evidence tampering is connected with the

24   police department's cutting of the fence and the Manzanita bushes surrounding the homeless

25   encampment where this crime occurred, in order to reach the victim.  It is not entirely clear what

26   federal constitutional guarantee petitioner alleges was violated as a result.  The jury heard

27   evidence of how police gained entrance into the homeless encampment.  See II R.T. 239-42.

28   Therefore, there is no demonstrable prosecutorial misconduct or Brady violation for withholding

1   this information, even assuming it has some material value.  To the extent that petitioner is

2   somehow contending that the testimony of the barriers surrounding the homeless encampment

3   constitutes false evidence, this issue boils down to a challenge to the jury's credibility

4   determinations which are entitled to near total deference on habeas review.  See Schlup v. Delo,

5   513 U.S. 298, 330 (1995).  Considering the jury was permitted to view the crime scene, they

6   could use their own observations to assess the credibility of the police witnesses who testified

7   about the removal of the barriers to the homeless encampment.  In light of these flaws in

8   petitioner's reasoning, as well as the lack of any constitutional basis for this claim, the court finds

9   no basis for a stay of federal habeas proceedings.

10       For all the reasons explained above, petitioner's motions for a stay and abeyance pursuant

11   to Rhines should be denied.  See Clark v. Ricketts, 958 F.2d 851 (9th Cir.), cert. denied, 506 U.S.

12   838 (1992) (stating that a federal court need not send a petitioner back to state court to exhaust a

13   patently frivolous claim).

14   VIII.   Amended Federal Habeas Petitions

15       While the motions for a stay were pending, and long after original petition was deemed

16   submitted,[2] petitioner filed two separate amended federal habeas petitions.  See ECF No. 21, 24.

17   The case caption of the first amended petition reflects that petitioner may have intended to file

18   this "petition for writ of mandate pursuant to Case No. PC 20140101" in the California Supreme

19   Court.  ECF No. 21 at 1.  In this amended application, petitioner complains that the El Dorado

20   County Court has not fulfilled its duty within the time limit for responding to his habeas corpus

21   petition.  Id.  This amended petition contains no specific claims for relief and is comprised of

22   mainly exhibits.  "It is the petitioner's belief that upon seeing the attached facts and evidence the

23   entitlement to relief is so obvious that no purpose could reasonably be served by further

24   consideration of [the] issue" and that relief should be immediately granted.  Id. at 2. By way of

25   relief, petitioner seeks compensatory damages for the property that he lost upon his arrest,

26

27   [2] Respondent's answer was filed on June 7, 2013.  ECF No. 11.  Petitioner had thirty days
    thereafter to file a reply.  See ECF No. 7 at 2.  No reply or traverse was filed.  Accordingly, the
28   pleadings were closed and he case deemed submitted as of July 7, 2013.

1    punitive damages totaling $5.6 million dollars, dismissal of all criminal charges, and an order

2    compelling the trial court to expunge his convictions.  Id. at 3-5.

3         In the second amended habeas application, petitioner does in fact challenge his 2010

4    criminal convictions.  ECF No. 24.  Petitioner alleges six claims for relief in his second amended

5    petition constructively filed on March 3, 2014.  Id.  He first alleges that he was wrongfully

6    convicted by false testimony and/or false evidence because Paul Oakes, the only eyewitness,

7    "testified false[ly]and [police] officers removed barb wire."  Id. at 5.  Secondly, his conviction

8    was secured through the use of prosecutorial misconduct "but not limited to being prosecuted in

9    [an] arbitrary and/or discriminatory manner."  Id. at 7.  Next, petitioner alleges that the trial judge

10   engaged in misconduct "not limited to judicial prejudice and/or directly knowingly allowing the

11   prosecutor to commit illegal acts by bringing false evidence, misrepresenting facts, and

12   misquoting and confusing the jury."  Id. at 8.  Petitioner alleges that his attorneys Richard Meyer,

13   Lori London, and appellate counsel Athena Shudde were ineffective for unspecified reasons.  Id.

14   at 10.  Petitioner also asserts that the federal court is the sole authority to compel the state court to

15   change its rules that require a defendant to request a pinpoint jury instruction on imperfect self-

16   defense.  Id. at 12.  Lastly, petitioner asserts that there is a conflict of interest in his sentence

17   because his release date is contrary to the trial court's sentence of life with a chance of parole

18   while still alive.  Id.

19   IX.   Standards Governing Leave to Amend

20        Under 28 U.S.C. § 2242, an application for a writ of habeas corpus "may be amended or

21   supplemented as provided in the rules of procedure applicable to civil actions."  See also Rule 12

22   of the Rules Governing § 2254 Cases (recognizing general applicability in habeas of rules of civil

23   procedure).  Petitioner's motion is governed by Fed. R. Civ. P. 15(a)(2), which permits an

24   amended pleading "only with the opposing party's written consent or the court's leave."[3]  In

25   considering whether to grant leave to amend, under Rule 15(a)(2), the court "should freely give

26   ─────────────
     [3] Fed.R.Civ.P.15 (a)(1) provides that "[a] party may amend its pleading once as a matter of course

27   within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is
     required, 21 days after service of a responsive pleading or 21 days after service of a motion under

28   Rule 12(b), (e), or (f), whichever is earlier."

1   leave when justice so requires."  See, e.g., Outdoor Systems, Inc. v. City of Mesa, 997 F.2d 604,

2   614 (9th Cir. 1993) (the Ninth Circuit reviews a denial of leave to amend "for abuse of discretion

3   and in light of the strong public policy permitting amendment.").  Factors to be considered

4   include "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and

5   whether the party has previously amended his pleadings."  Bonin v. Calderon, 59 F.3d 815, 845

6   (9th Cir. 1995).

7   X.      Analysis of Amended Federal Habeas Petitions

8           Here, petitioner failed to obtain consent from respondent prior to filing either of the

9   amended petitions in the present action.  ECF Nos. 21, 24.  Therefore leave of court is required

10  since petitioner's proposed amendments fall outside the timeframe provided for amendment as of

11  right pursuant to Rule 15 of the Federal Rules of Civil Procedure.  Here, petitioner waited to file

12  the amended habeas corpus petitions until ten months after respondent had filed an answer.  This

13  delay militates in favor of denying petitioner leave to amend.

14          Furthermore, permitting petitioner to file an amended petition in this case would be a

15  futile act because the only amended petition containing any claims for relief is untimely.[4]  The

16  one year statute of limitations expired in this case on August 7, 2013 rendering the second

17  amended federal habeas petition untimely filed by more than six months.  Moreover, these claims

18  do not relate back to the original federal habeas corpus petition so as to render them timely filed.

19  See Mayle v. Felix, 545 U.S. 644 (2005).  Petitioner's reference to one isolated example of

20  ineffectiveness in the original petition is not sufficient to allow him to relate-back additional

21  claims against trial counsel, much less entirely new claims against his preliminary hearing or

22  appellate counsel.  See Schneider v. McDaniel, 674 F.3d 1144, 1151 (9th Cir. 2012) (affirming

23  district court's decision that a petitioner's original assertion of ineffective assistance of appellate

24  counsel does not support the relation back of "any and every claim of ineffective assistance of

25  appellate counsel that petitioner thereafter may decide to raise.").  Based on the undue delay as

26

27  [4]If the court were inclined to grant petitioner leave to amend, it would render petitioner's motions
    for a stay moot in light of the recent exhaustion of his prosecutorial misconduct, judicial bias, and
28  additional ineffective assistance of counsel claims.

1  well as the futility of filing an untimely amended petition, the undersigned recommends denying

2  petitioner leave to amend and striking both amended habeas corpus petitions from the docket.

3  XI.    Conclusion

4        Because he does not qualify for a stay of his mixed petition under <u>Rhines</u>, petitioner has

5  two remaining choices:  First, he may choose to delete the unexhausted claims from his original

6  petition and proceed on his exhausted claims only.  Second, he may choose to accept dismissal

7  without prejudice of the entire petition pending further exhaustion.  Petitioner is cautioned that if

8  he elects this procedure, any subsequently-filed post-exhaustion petition would likely be subject

9  to dismissal in its entirety as time-barred.  <u>See</u> 28 U.S.C. § 2244(d)(1).  The fact that a petition is

10  dismissed "without prejudice" means that there is no bar to re-filing, but that does not protect

11  petitioner from dismissal on statute of limitations grounds.  Because the limitations period is not

12  tolled for the time the instant federal petition has been pending, <u>Duncan v. Walker</u>, 533 U.S. 167

13  (2001), any future petition may well be time-barred.  <u>See</u> <u>Rhines</u>, 544 U.S. at 275 (recognizing

14  that dismissal of mixed petition can cause claims to be untimely by the time they are exhausted

15  and re-submitted to the federal court.  <u>See</u> <u>Porter v. Ollison</u>, 620 F.3d 952, 958 (9th Cir.2010)

16  (reviewing timeliness principles).  By electing dismissal without prejudice, petitioner risks

17  forfeiting review on the merits of his exhausted claims as well as his unexhausted claims.

18        Accordingly, IT IS HEREBY RECOMMENDED THAT:

19        1.  Petitioner's motions for a stay (ECF Nos. 19, 22) be denied;

20        2.  Petitioner's amended federal habeas petitions (ECF No. 21, 24) be stricken from the

21  docket;

22        3.  Petitioner be directed to file, within  28 days of the filing date of any order adopting

23  these findings and recommendations, either: 1) a notice that he elects to delete the unexhausted

24  claims and proceed on the merits of  his remaining exhausted claims in the original

25  § 2254 petition; or, 2) a notice of voluntary dismissal of this case without prejudice; and,

26        4.  In the event that petitioner fails to elect either option identified above within the time

27  provided, the claims identified herein as unexhausted will be stricken and those portions of the

28  petition disregarded for all purposes.  The case will then be deemed submitted on the basis of the

1   petition as amended by operation of this order.

2          These findings and recommendations are submitted to the United States District Judge

3   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

4   after being served with these findings and recommendations, any party may file written

5   objections with the court and serve a copy on all parties.  Such a document should be captioned

6   "Objections to Magistrate Judge's Findings and Recommendations.  Any response to the

7   objections shall be served and filed within fourteen days after service of the objections.  The

8   parties are advised that failure to file objections within the specified time may waive the right to

9   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  DATED: September 2, 2014

11

12  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12