UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. SHARONOFF, | No. 2:13-cv-00794-TLN-AC-P |
| Plaintiff, | |
| v. | ORDER |
| WARDEN, | |
| Defendants. | |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner recently filed two documents with the court entitled "Notice," ECF No. 49, and "Motion: Extension of Time,"[1] ECF No. 50. Both documents allege that plaintiff is currently being mistreated by a physician at the Correctional Treatment Center (CTC) at Pleasant Valley State Prison. Specifically, plaintiff alleges that his current physician has denied him adequate pain medication, access to the law library, and access to his legal mail. He also alleges that his requests to be transferred to the care of another doctor or to the general custody of the CDCR have been denied.

Petitioner's request for relief regarding the treatment he is receiving at CTC essentially presents a challenge to the conditions of petitioner's confinement, which may not be addressed in

---

[1] The court notes that this document appears to be a request for a court order rather than a request for an extension of time. Petitioner currently faces no deadlines that might be extended.

1

this habeas action.  Habeas jurisdiction exists only for petitioners challenging the legality or duration of their incarceration, not the conditions of confinement.  Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).  Petitioner is advised that the proper mechanism for raising a federal challenge to conditions of confinement is through a civil rights action pursuant to 42 U.S.C. § 1983.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).

      To the extent that petitioner requests a court order transferring him out of CTC and back into the general population of Pleasant Valley State Prison, see ECF No. 50, petitioner's request is still not cognizable in this habeas action because it does not impact the legality or duration of his confinement.  See Ramirez, 334 F.3d at 859 ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); see also Wilson v. Wrigley, 2007 WL 1378024 at *2 (E.D. Cal. May 10, 2007) (petitioner was not entitled to habeas relief under § 2241 because his request to be transferred to another institution did not impact the duration of his confinement).

      Should petitioner wish to pursue these claims further, he must first file an administrative grievance with the prison and complete the prison grievance process in order to exhaust his administrative remedies as required by the Prison Litigation Reform Act.  42 U.S.C. § 1997(e)(a); McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002) (the PLRA requires that administrative remedies be exhausted prior to filing suit).  Petitioner may then seek relief in federal court by filing a § 1983 civil rights complaint.

      Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for a court order (ECF No. 50) is denied; and
2. The clerk of the court is directed to send petitioner a § 1983 civil rights complaint form and the accompanying directions.

DATED: April 8, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE