UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A SHARONOFF,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | No. 2:13-cv-00794-TLN-AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a habeas corpus petition pursuant to 28 U.S.C. § 2254. Presently before the court are: (1) petitioner's motion to amend his § 2254 petition, ECF No. 37; (2) petitioner's motion for an evidentiary hearing, ECF No. 41; and (3) petitioner's motion for discovery, ECF No. 42.

I. Procedural Background

Petitioner's original petition for habeas corpus was filed on April 15, 2013.[1] ECF No. 1. Respondent answered on June 7, 2013. ECF No. 11. On January 27, 2014, petitioner filed a "motion to quit claim." ECF No. 13. This court denied petitioner's motion without prejudice to refiling either a motion for voluntary dismissal or a motion for stay and abeyance. ECF No. 15. In response, petitioner filed a motion to stay, ECF No. 19, which he renewed a month later, ECF

---

[1] Petitioner was afforded the benefit of the prison mailbox rule in determining the filing date of all state and federal petitions. See Houston v. Lack, 487 U.S. 166, 276 (1988).

1

No. 22. Petitioner also filed two amended § 2254 petitions, ECF Nos. 21 and 24.

On June 3, 2014, the undersigned issued Findings and Recommendations on petitioner's motions for a stay and his amended § 2254 petitions. In light of the objections filed by petitioner, the court vacated the Findings and Recommendations on July 17, 2014 and ordered petitioner to file a copy of the habeas petition that he filed in the California Supreme Court. ECF No. 32. Petitioner complied with the court's order on July 28, 2014.

On September 3, 2014, the undersigned issued Findings and Recommendations denying petitioner's motions for a stay and directing petitioner to file either a notice electing to delete the unexhausted claims from his original petition and to proceed on the merits of his remaining exhausted claims, or a notice of voluntary dismissal of the case without prejudice. ECF No. 36 at 11. In the same order, the court recommended that petitioner be denied leave to amend and that his amended petitions, ECF Nos. 21 and 24, be stricken from the docket. Id. Petitioner filed objections and supplemental objections to the Findings and Recommendations. ECF Nos. 38, 39.

On September 22, 2014, petitioner filed a motion to amend his §2254 petition. ECF No. 37. Respondent did not oppose the motion. Petitioner then filed a motion for an evidentiary hearing, ECF No. 41, and a motion for discovery, ECF No. 42. Respondent opposed both motions, ECF No. 44, and petitioner replied, ECF No. 47. These three motions are currently pending before the court.

On October 31, 2014, the district judge adopted the September 3, 2014 Findings and Recommendations in full. ECF No. 43. In response, petitioner filed a letter to the court, apparently requesting reconsideration of the October 31, 2014 order. See ECF No. 45 at 8. Approximately one week later, the court received petitioner's timely notice to amend his mixed petition to delete the unexhausted claims from his original petition.[2] See ECF No. 46.

For the reasons outlined below, the undersigned recommends that petitioner's motions be denied.

////

---

[2] This notice appears to include a request that the court "reattach" petitioner's "now fully exhausted claims." ECF No. 46 at 1.

II.     Factual Background

Following a jury trial in the El Dorado Superior Court, petitioner was convicted of Second Degree Murder, Elder Abuse, two counts of Possession of a Firearm by a Convicted Felon, and Possession of Ammunition by a Felon.  The jury also found true the accompanying firearms enhancements.  On September 30, 2010, petitioner was sentenced to a total term of 80 years to life under California's Three Strikes Law.

III.    Direct Appeal

Petitioner appealed his convictions to the California Court of Appeal raising two separate claims for relief.  He first argued that the trial court prejudicially erred in admitting uncharged prior bad acts from 1986 and 1994.  See Lodged Doc. No. 3 (Appellant's Opening Brief).  In his second argument, petitioner asserted that the trial court prejudicially erred in failing to instruct on imperfect self-defense as a theory of voluntary manslaughter.  Id.  On February 27, 2012, the California Court of Appeal affirmed petitioner's convictions in an unpublished opinion.  See Lodged Doc. No. 6.  The California Supreme Court denied his petition for review on May 9, 2012.  See Lodged Doc. No. 8.

IV.     State Habeas Proceedings

Petitioner did not file any state habeas corpus petition challenging his convictions until after he had filed the instant § 2254 petition in federal court.  His first state habeas corpus petition was filed in the El Dorado Superior Court on February 24, 2014 and denied on April 3, 2014.  See ECF No. 24-1 at 95-100.  Petitioner filed a separate state habeas petition in the California Supreme Court on May 6, 2014 which was denied on June 25, 2014.  See ECF Nos. 33 at 2-11 (state habeas petition), 31 at 2 (postcard denial issued by the California Supreme Court).

V.      Original § 2254 Petition

Petitioner's original § 2254 petition was summarized as follows in the court's September 3, 2014 Findings and Recommendations:

> In the federal habeas corpus petition filed on April 15, 2013, petitioner raised six separate claims for relief.[] ECF No. 1 at 5. First petitioner asserts that the trial court prejudicially erred in admitting prior bad act evidence from 1986 and 1994.  Id. Secondly, petitioner alleges that he received ineffective assistance

3

> of counsel without identifying any specific acts or omissions that prejudiced him. Id. Next petitioner contends that the Three Strikes Law is a violation of the ex post facto clause. Id. In his fourth claim for relief, petitioner alleges that the trial court imposed an illegal enhancement for elder abuse because the victim was suspected of fraud against the federal government. Id. Petitioner also contends that the police tampered with evidence. Id. Because petitioner attached a copy of his opening brief on direct appeal in the California Court of Appeal containing an additional challenge to the trial court's failure to instruct the jury on imperfect self-defense, the court will liberally construe this as petitioner's sixth claim for relief. ECF No. 1 at 16-63.

ECF No. 36 at 2-3.

### VI. Deletion of Unexhausted Claims from the Original Petition

In the September 3, 2014 Findings and Recommendations, the undersigned determined that petitioner had exhausted only two of the six claims included in the original petition. See ECF No. 36 at 5-6. Specifically, the court found that "[t]he only exhausted claims in petitioner's federal habeas petition are his challenge to the trial court's admission of prior bad act evidence. . . and the challenge to the trial court's failure to instruct on imperfect self-defense." Id. In considering whether petitioner should be granted a stay to allow him to exhaust the four remaining claims, the court determined that a stay was not warranted because the four unexhausted claims lacked merit. See id.

After the September 3, 2014 Findings and Recommendations were adopted by the district judge, petitioner filed a notice electing to delete the unexhausted claims from his original petition and to proceed on the merits of the unexhausted claims. See ECF No. 46. Accordingly, the original § 2254 petition now consists of only two claims: petitioner's challenge to the trial court's admission of prior bad act evidence from 1986 and 1994 and the challenge to the trial court's failure to instruct on imperfect self-defense.

### VII. Motion to Amend

On September 22, 2014, petitioner filed a motion for leave to amend his § 2254 petition. ECF No. 37. Petitioner's motion is vague and is not accompanied by a proposed amended petition. As a result, the court is unclear as to what allegations his proposed amended petition would include. As best the court can tell, petitioner seeks to submit a "corrected" version of the

4

second amended complaint he submitted on April 23, 2014, ECF No. 24, with additional exhibits attached.[3]  See ECF No. 37 at 1.  Petitioner requests respondent's consent or leave of court to amend his petition.  Id.  Respondent has not responded to petitioner's motion.

### A.  Standards Governing Leave to Amend

Under 28 U.S.C. § 2242, an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  See also Rule 12 of the Rules Governing § 2254 Cases (recognizing general applicability in habeas of rules of civil procedure).  Petitioner's motion is governed by Fed. R. Civ. P. 15(a)(2), which permits an amended pleading "only with the opposing party's written consent or the court's leave."[4]  In considering whether to grant leave to amend, under Rule 15(a)(2), the court "should freely give leave when justice so requires."  See, e.g., Outdoor Systems, Inc. v. City of Mesa, 997 F.2d 604, 614 (9th Cir. 1993) (the Ninth Circuit reviews a denial of leave to amend "for abuse of discretion and in light of the strong public policy permitting amendment.").  Factors to be considered include "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings."  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

### B.  Analysis

There is no indication that petitioner obtained consent from respondent to file an amended petition for habeas corpus.  Accordingly, leave of court is required since petitioner's requested

---

[3] The body of plaintiff's motion reads as follows:

> To correct procedure petitioner prays that ECF No. 24 be allowed as amended for correction and to bring forth non frivolous claims to be mittigated properly and to help clear up confussion of passed filings being insufficient, lakking, or improper.  Also as it is necessary to add exhibit evidence to support allegations and grounds/claims and counts of claimes in petition sent to be amended April 2014 or grant now a petition amendment as per original or persuent to first habeas corpus.

ECF No. 37 at 1.

[4] Fed.R.Civ.P.15 (a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

amendment falls outside the timeframe provided for amendment as of right pursuant to Rule 15 of the Federal Rules of Civil Procedure. Here, petitioner's motion for leave to amend his petition comes fifteen months after respondent's answer was filed.[5] Although the court notes that petitioner's motion was filed shortly after the issuance of the court's September 3, 2014 Findings and Recommendations,[6] to which the motion appears to respond, the overall delay weighs against leave to amend.

The court next considers whether petitioner's attempt to "correct" his second amended petition, ECF No. 24, would be futile. The court previously summarized the second amended petition as follows:

> In the second amended habeas application, petitioner does in fact challenge his 2010 criminal convictions. ECF No. 24. Petitioner alleges six claims for relief in his second amended petition constructively filed on March 3, 2014. Id. He first alleges that he was wrongfully convicted by false testimony and/or false evidence because Paul Oakes, the only eyewitness, "testified false[ly]and [police] officers removed barb wire." Id. at 5. Secondly, his conviction was secured through the use of prosecutorial misconduct "but not limited to being prosecuted in [an] arbitrary and/or discriminatory manner." Id. at 7. Next, petitioner alleges that the trial judge engaged in misconduct "not limited to judicial prejudice and/or directly knowingly allowing the prosecutor to commit illegal acts by bringing false evidence, misrepresenting facts, and misquoting and confusing the jury." Id. at 8. Petitioner alleges that his attorneys Richard Meyer, Lori London, and appellate counsel Athena Shudde were ineffective for unspecified reasons. Id. at 10. Petitioner also asserts that the federal court is the sole authority to compel the state court to change its rules that require a defendant to request a pinpoint jury instruction on imperfect self-defense. Id. at 12. Lastly, petitioner asserts that there is a conflict of interest in his sentence because his release date is contrary to the trial court's sentence of life with a chance of parole while still alive. Id.

ECF No. 36 at 9. The court found that the second amended petition was untimely because it was filed more than six months after the one-year statute of limitations had expired. Id. at 10. The court further determined that the second amended petition could not be rendered timely under the relation back doctrine because the claims did not relate back to the claims included in the original

---

[5] Respondent's answer was filed on June 7, 2013. ECF No. 11.

[6] Petitioner's motion was constructively filed on September 18, 2013 and was filed by the clerk on September 22, 2014. ECF No. 37.

habeas petition, ECF No. 1.[7]  See ECF No. 36 at 10.  Accordingly, leave to amend was unwarranted.

In light of the above findings, petitioner has two hurdles to overcome in order to "correct" the deficiencies identified in his second amended petition.  He must either establish that the petition would be timely filed, or that the claims in the amended version of the petition relate back to the claims in the original petition so as to render them timely.  Petitioner can do neither.  The one-year statute of limitations expired on August 7, 2013.  See ECF No. 36 at 10.  Therefore, any amended petition would be untimely.  Moreover, there is no indication that the relation back doctrine would apply.  Petitioner has not provided a copy of a proposed amended petition, so the court is left to assume that his amended petition would contain the same claims included in the second amended petition, which the court already found do not relate back to the original petition.  Petitioner's vague statement that he needs to "add exhibit evidence" to support his claims sheds no light on how the exhibits referenced in his motion[8] could support an argument that the claims

---

[7] The court analyzed petitioner's request for leave to amend as follows:

> [P]ermitting petitioner to file an amended petition in this case would be a futile act because the only amended petition containing any claims for relief is untimely.[7]  The one year statute of limitations expired in this case on August 7, 2013 rendering the second amended federal habeas petition untimely filed by more than six months.  Moreover, these claims do not relate back to the original federal habeas corpus petition so as to render them timely filed.  See Mayle v. Felix, 545 U.S. 644 (2005).  Petitioner's reference to one isolated example of ineffectiveness in the original petition is not sufficient to allow him to relate-back additional claims against trial counsel, much less entirely new claims against his preliminary hearing or appellate counsel.  See Schneider v. McDaniel, 674 F.3d 1144, 1151 (9th Cir. 2012) (affirming district court's decision that a petitioner's original assertion of ineffective assistance of appellate counsel does not support the relation back of "any and every claim of ineffective assistance of appellate counsel that petitioner thereafter may decide to raise.").  Based on the undue delay as well as the futility of filing an untimely amended petition, the undersigned recommends denying petitioner leave to amend and striking both amended habeas corpus petitions from the docket.

ECF No. 36 at 10-11.

[8] The one-page document attached to petitioner's motion makes reference to a Motion to Take Additional Evidence, a Notice of Appeal, a Certificate of Probable Cause, and a Statement in Support of a Certificate of Probable Cause.  See ECF No. 37 at 2.

in the second amended petition relate back to the claims in the original petition. Accordingly, amendment would be futile because the petition would be untimely. In light of the undue delay and the futility of filing an untimely petition, the undersigned recommends that petitioner's motion for leave to amend be denied.

### C. Request to "Reattach" Claims

In a related matter, the court notes that petitioner's notice to amend the mixed petition to delete the unexhausted claims, ECF No. 46, included a vague request that the court "reattach" his "now fully exhausted claims." See ECF No. 46 at 1. The court assumes that petitioner is referring to the four claims in his original petition, ECF No. 1, which the court found to be unexhausted as of September 3, 2014. See ECF No. 36 at 5-6. To the extent petitioner requests leave to amend to include these claims in his § 2254 petition, the undersigned finds that amendment would be futile because the court already determined that the claims in question lack merit. See ECF No. 36 at 6-8. Accordingly, to the extent petitioner's request may be construed as a request for leave to amend, the request is denied.

### D. Request to "Add Grounds"

In a final related matter, the court notes that included within the body of petitioner's motion for an evidentiary hearing, but separately captioned as if intended as a discrete motion, is a request to "add grounds" to the § 2254 petition. See ECF No. 41 at 2. In this one-page document, petitioner purports to add two "grounds" to his petition: (1) his conviction was unconstitutionally obtained, and (2) he is actually innocent. See id. Petitioner does not explain how his conviction was unconstitutionally obtained, but merely states that the claim "relates back" to his allegations of ineffective assistance of counsel and due process violations based on evidence of false testimony presented at trial and prosecutorial misconduct. With respect to his claim of actual innocence, petitioner states only that he has "offer[ed] evidence contrary to [his] conviction." See id. Petitioner's vague and unsupported request is denied.

### VIII. Motion for Evidentiary Hearing

On October 14, 2014, petitioner filed a separate request for an evidentiary hearing. ECF No. 41. The court's review of the record indicates that petitioner also requested an evidentiary

hearing when he filed his notice to amend the mixed petition to delete the exhausted claims.[9] See ECF No. 46 at 2. Respondent opposes petitioner's motion on the grounds that the court has not yet determined that petitioner's claims overcome 28 U.S.C. § 2254(d) and petitioner's claims do not require further factual development since they are based on the trial record. ECF No. 44 at 2-3.

In Cullen v. Pinholster, the Supreme Court made clear that in determining whether an evidentiary hearing is warranted under 28 U.S.C. § 2254(e)(2), the court must consider the standards for habeas relief under section 2254(d). Cullen v. Pinholster, 131 S. Ct. 1388, 1399 (2011) ("'[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.'") (quoting Schiro v. Landrigan, 550 U.S. 465, 474 (2007)). In other words, the process of determining whether an evidentiary hearing should be granted necessarily includes an analysis of both sections 2254(d) and 2254(e)(2). See id.; see also Landrigan, 550 U.S. at 474 ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.").

In light of this analytical overlap and the overwhelming demand on the court's docket, the court finds that the most prudent approach is to defer a decision on whether an evidentiary hearing is appropriate until the court conducts a section 2254(d) analysis. See Landrigan, 550 U.S. at 473 ("[T]he decision to grant an evidentiary hearing [is] generally left to the sound discretion of district courts. That basic rule has not changed.") (internal citations omitted).

Therefore, petitioner's request for an evidentiary hearing is denied without prejudice and the court will address sua sponte whether an evidentiary hearing is warranted when the merits of the petition are considered.

IX.  **Motion for Discovery**

Petitioner has filed a motion for discovery and request for production of documents. ECF

---

[9] This request was included in the body of the notice, but separately captioned as if intended as a discrete motion. See ECF No. 46 at 2.

No. 42. Under Rule 6(a) of the Rules Governing Section 2254 Proceedings, courts may authorize parties to a Section 2254 habeas proceeding to conduct discovery for good cause shown. Good cause under Rule 6(a) exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy v. Gramley, 520 U.S. 899, 908-09 (1997).

Petitioner appears to seek discovery of the autopsy report, ballistics evidence, and "the photographic evidence listed in [the trial] transcript." See ECF No. 42 at 2-4. Petitioner asserts that he "has been diligent in his attempt to obtain discovery" and includes a copy of the motion he filed in the El Dorado Superior Court on April 9, 2014 seeking production of the prosecutor's case files and discovery, the police reports, and his case file from trial attorney Lori G. London. Id. at 2, 5, 9-10.

While petitioner's motion is not a model of clarity, it is evident that petitioner seeks the above documents in support of his claim that the sole eyewitness at trial, Paul Oakes, testified falsely and is in fact the true perpetrator. Petitioner further asserts that the police reports will demonstrate that police manufactured evidence that was presented at trial. ECF No. 42 at 2. However, neither petitioner's claim that Oakes testified falsely nor his claim that police fabricated evidence are pending before the court. As explained above, the only two claims currently included in the § 2254 petition are petitioner's challenge to the trial court's admission of prior bad act evidence from 1986 and 1994 and the challenge to the trial court's failure to instruct on imperfect self-defense. Petitioner has failed to articulate how any of the documents sought in his discovery motion relate to either of these two claims. Accordingly, petitioner's motion will be denied.[10]

X.      Request for Release

The body of petitioner's motion for an evidentiary hearing includes a separately captioned document entitled "Motion to Stay Execution of State Court Judgment," in which petitioner

---

[10] Moreover, this court may not consider evidence that was not previously presented to the California Supreme Court unless petitioner first overcomes the hurdle of § 2254(d). Cullen v. Pinholster, 131 S. Ct. at 1398. The propriety of discovery as to any claim, like the availability of an evidentiary hearing, must accordingly await review of petitioner's claims under § 2254(d).

appears to request that he be released on his own recognizance pending the final outcome of his petition for habeas relief. See ECF No. 41 at 3. The Ninth Circuit Court of Appeals has not yet decided whether a district court has the authority to grant bail pending a decision on a habeas corpus petition. In re Roe, 257 F.3d 1077, 1079–80 (9th Cir.2001). Even assuming that a district court has such authority, relief is only appropriate in "extraordinary case[s] involving special circumstances or a high probability of success." Id. at 1080 (citing Land v. Deeds, 878 F.2d 318 (9th Cir.1989)). Here, petitioner makes no allegations at all in support of his request for relief. The court is not required to scour the record in search of potential arguments. See Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996). Petitioner's request should be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an evidentiary hearing (ECF No. 41) is denied; and

2. Petitioner's motion for discovery (ECF No. 42) is denied.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to amend (ECF No. 37) be denied;

2. Petitioner's request for release (ECF No. 41 at 3) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 17, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11