UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. SHARONOFF,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN,<br><br>  Respondent. | No. 2:13-cv-0794 TLN AC P<br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a habeas corpus petition pursuant to 28 U.S.C. § 2254. On July 17, 2015, the magistrate judge issued an Order and Findings and Recommendations ("Order and F&Rs"), denying petitioner's requests for discovery and an evidentiary hearing, and recommending that his motion to amend and request for release be denied. ECF No. 52 at 11. In the Order and F&Rs, the court also accepted the notice filed by petitioner electing to delete any unexhausted claims from his "mixed" habeas petition and proceed on the merits of the remaining exhausted claims. Petitioner has now filed a "motion to vacate the Findings and Recommendations," requesting that his petition be allowed to proceed as timely and "not mixed."[1] ECF No. 57. Because petitioner specifically states in his

---

[1] Petitioner has separately filed objections and supplemental objections to the July 17, 2015 Findings and Recommendations. ECF Nos. 55 and 56. As of the date of this order, the district judge has yet not ruled on petitioner's objections.

1

motion that he "expect[s] the Magistrate Judge to comply . . . and re-open[,] vacate[,] and remand" the order, id. at 2, the court construes petitioner's motion as a request for reconsideration by the magistrate judge of her own order.

I. Standards Governing Motions for Reconsideration

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925–26 (9th Cir. 1988). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). A party seeking reconsideration must do more than disagree with the court's decision or recapitulate that which the court has previously considered. U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Westlands Water Dist., 134 F. Supp. 2d at 1131 (internal citations omitted). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

II. Petitioner's Motion

In the present case, petitioner contends the court should reconsider its order in light of a recent Ninth Circuit case, Bastidas v. Chappell, 791 F.3d 1155 (9th Cir. 2015). See ECF No. 57 at 1. Although his motion is not a model of clarity, petitioner appears to argue that the Order and F&RS should be vacated because the magistrate judge lacked the authority to grant his request to dismiss any unexhausted claims from his petition, a request which was addressed in the July 17, 2015 order. See id. at 1-2.

////

"The authority of magistrate judges is limited by 28 U.S.C. 636, under which a magistrate judge may hear and determine nondispositive matters but not dispositive ones." Bastidas v. Chappell, 791 F.3d 1155 (9th Cir. 2015) (internal citations omitted). "As to dispositive matters, the magistrate judge may go no further than issuing a report and recommendation to the district court, which then must undertake de novo review." Id. (citations omitted).

In Bastidas v. Chappell, the Ninth Circuit held that the magistrate judge's order granting petitioner Bastidas' "notice of withdrawal" and dismissing two unexhausted claims from his mixed § 2254 petition was not a dispositive order. Bastidas, 791 F.3d at 1157, 1164-65. In Bastidas, the state had filed a motion to dismiss the § 2254 petition on the grounds that two of the four claims were unexhausted. Id. at 1158. Before the magistrate acted on the state's motion, Bastidas filed a "pro se notice of withdrawal" asking the court to dismiss the two unexhausted claims from his petition. Id. The magistrate judge granted Bastidas' request and dismissed the two unexhausted claims without prejudice.[2] Id.

In rejecting Bastidas' argument that the magistrate judge lacked the authority to grant the petitioner's request to remove two unexhausted claims from his habeas petition, the Ninth Circuit reasoned that the orders the magistrate issued with regard to the unexhausted claims were "routine housekeeping matters." Bastidas, 791 F.3d at 1165. The court considered whether the magistrate judge had compelled petitioner to file his notice of withdrawal, and found that any impetus behind the withdrawal notice came not from the magistrate judge but from the state, which had filed a motion to dismiss the petition as mixed. Id. The court then stated as follows:

> We do not mean to suggest that a magistrate judge's order granting a party's motion to dismiss his own claims will *always* be nondispositive. There may well be situations in which a magistrate judge takes unauthorized steps that ultimately force a litigant to move to dismiss some of his claims. Cf. Hunt v. Pliler, 384 F.3d 1118, 1124 (9th Cir. 2004) (holding that the magistrate judge exceeded his authority by holding the habeas petition mixed and issuing "an order, not authorized by the statute, that *required* Hunt to forfeit the claims he found unexhausted or face dismissal of the entire petition" (emphasis added)). We hold only that those circumstances are not present here. Under no compulsion from the

---

[2] The magistrate judge also denied the state's motion to dismiss as moot and directed the clerk to strike the proposed motion to dismiss. Bastidas, 791 F.3d at 1158.

3

> magistrate judge, Bastidas sought to dismiss two of his claims. The magistrate judge was within her authority in granting that request.[]

Id.

Petitioner appears to argue that like the petitioner in Hunt v. Pliler, 384 F.3d 1118 (9th Cir. 2004), he was forced, through unauthorized steps taken by the magistrate judge, to forfeit the unexhausted claims in his mixed habeas petition. See ECF No. 57 at 1-2. However, Hunt is not analogous to petitioner's case. Unlike in Hunt, the order requiring petitioner to delete the unexhausted claims from his mixed petition or voluntarily dismiss his entire case was issued in this case by the district judge, not the magistrate judge. See ECF No. 43 at 2 (Order, filed October 31, 2014). Accordingly, to the extent petitioner argues that the notice he filed electing to delete his unexhausted claims resulted from an unauthorized order issued by the magistrate judge, petitioner's argument is without merit.[3] See Bastidas, 791 F.3d at 1165 (citing Hunt, 384 F.3d at 1124).

In petitioner's case, the magistrate's grant of petitioner's request to delete the unexhausted claims from his habeas petition was a "routine housekeeping matter." See Bastidas, 791 F.3d at 1165. While petitioner may have felt compelled to file this notice,[4] it is clear that he did so in order to comply with the court order filed on October 31, 2014. See ECF No. 46 at 1 (Petitioner's "Notice to amend the mixed petition to delete any unexhausted claims *as to comply to Judge order dated Oct 30 2014*") (emphasis added). The October 31, 2014 order was issued by the district judge. ECF No. 43. It required petitioner to file either a notice electing deletion of unexhausted claims from his original petition and intent to proceed on the merits of the exhausted claims only, or a notice voluntarily dismissing the petition. Id. at 2. Petitioner chose to file a notice electing deletion of the unexhausted claims from his petition. Against the backdrop of an

---

[3] The court notes that petitioner's motion for reconsideration may stem from his confusion as to who the district judge is in this case. While petitioner refers in his motion to "Magistrate Judge Troy L. Nunly's [*sic*] order," ECF No. 57 at 1, the Hon. Troy L. Nunley is the district judge assigned to this case, not the magistrate judge.

[4] Petitioner argues that he "in no way sought to dismiss all but two of his [claims]" from his original petition and asserts that his intent is evidenced by his attempt to reattach the deleted claims, which he asserts are exhausted. ECF No. 57 at 2.

order from the district judge requiring petitioner to file one of two notices, the magistrate's acceptance of the notice filed by petitioner "does not equate to a dispositive order." See Bastidas, 791 F.3d at 1165. The undersigned therefore had the authority to allow withdrawal of the unexhausted claims from the mixed § 2254 petition, in compliance with the district judge's order. See id.

      In accordance with the above, IT IS HEREBY ORDERED that, upon reconsideration, this court's June 17, 2015 Order and Findings and Recommendations (ECF No. 52) are affirmed.

DATED: September 11, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE