UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. SHARONOFF, | No. 2:13-cv-0794 TLN AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WARDEN, | |
| Respondent. | |

Petitioner is a California state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has filed a motion to amend his petition (ECF No. 86) which, for the reasons stated below, should be denied.

I.  Background

On May 16, 2017, the court issued findings and recommendations which determined that petitioner's claims should be denied. ECF No. 84. These claims were: (1) that the admission of his prior convictions as evidence at trial violated his due process rights; and (2) that the trial court erred when it declined his request that the jury be instructed on imperfect self-defense as a theory of voluntary manslaughter. Id. at 9, 14. Those findings and recommendations are currently pending before the district judge.

On May 26, 2017, the Ninth Circuit denied petitioner's application for authorization to file a second or successive petition. ECF No. 85. The Ninth Circuit noted that this case was still

pending and transferred the application to this court with a direction that it be processed as a motion to amend the petition and that it should be deemed filed in this court on September 16, 2016. Id. The Ninth Circuit declined to express an opinion on whether the motion to amend should be granted. Id. at 2.

The proposed amended petition, although difficult to parse in parts, appears to raise four new claims, namely: (1) the prosecution violated Brady v. Maryland, 373 U.S. 83 (1963) when it failed to disclose the results of a swab test of the victim's wound; (2) false evidence was presented to the jury when they were "walked through" a hole in the barrier surrounding the victim's encampment; (3) the trial judge was biased against petitioner; and (4) the prosecution knowingly presented false evidence to the jury when it presented them with a firearm which petitioner contends could not have been the murder weapon. ECF No. 87 at 17-22.

II.     Legal Standards

A responsive pleading has been filed in this case and, accordingly, petitioner must obtain leave of court to file an amended petition. See Anthony v. Cambra, 236 F.3d 568, 577 (9th Cir. 2000). Habeas petitions may be amended or supplemented as provided in the Federal Rules of Civil Procedure. See 28 U.S.C. § 2242; Anthony, 236 F.3d at 576. And although Federal Rule of Civil Procedure 15(a) requires that leave to amend "shall be freely given when justice so requires," the court should also weigh whether there is any evidence of undue delay, bad faith or dilatory motives with respect to the filing of an amendment when determining whether leave to amend should be granted. See Anthony, 236 F.3d at 577-78.

III.    Analysis

The most pertinent question before this court is whether any of the newly proposed claims are timely. If they are not, granting leave to amend would be futile. A federal habeas petition must be filed within one year of: (1) the date the state court judgment became final, either by conclusion of direct review or the expiration of time to seek such review; (2) the date on which an impediment to filing created by state action is removed (if the applicant was prevented from filing by that action); (3) the date on which a constitutional right is newly recognized by the Supreme Court and made retroactive on collateral review; or (4) the date on which the factual predicate of

1 the claim could have been recognized through the exercise of due diligence. See 28 U.S.C. §
2 2244(d).  In most cases the statute of limitations begins to run after the state court judgment
3 becomes final pursuant to 28 U.S.C. § 2244(d)(1).

4     The original petition filed with this court notes that the underlying conviction occurred on
5 June 29, 2010. ECF No. 1 at 28.  Petitioner's conviction became final on forty days after the
6 Supreme Court denied his petition for review on direct appeal on May 9, 2012.  See Lodg. Doc.
7 8; see also California Rules of Court 8.264, 8.500; Smith v. Duncan, 297 F.3d 809, 813 (9th Cir.
8 2001).  His conviction was, therefore, finalized on June 18, 2012.   Petitioner's first habeas corpus
9 petition was the immediate one filed in this federal court on April 18, 2013.  ECF No. 1.

10     None the claims in the motion to amend are timely.  Petitioner's September 16, 2016
11 motion to amend comes more than three years after the original petition was filed and more than
12 four years after his conviction became final.  The one-year limitations period expired on August
13 7, 2013.  See ECF No. 36 at 10.  Petitioner appears to argue that he should be entitled to equitable
14 tolling until June 7, 2013 – the date respondent lodged the relevant portions of the state court
15 record in conjunction with its answer.  ECF No. 86 at 6.  Petitioner claims that he could not
16 "study the record of the court's actions" or prove his claims until he received these documents.
17 Id. at 4.  These claims would be untimely even if June 7, 2013 were the first date on which the
18 factual predicate of his new claims could have been recognized, however.  Finally, these claims
19 would be untimely even if plaintiff's previous amended petitions (ECF Nos. 21 & 24) could be
20 construed to present them.  Both of those amended petitions were struck from the record (ECF
21 No. 43) and petitioner may not rely on them.

22     Next, the court must consider whether these claims relate back to the original petition.
23 The Ninth Circuit has held that Federal Rule of Civil Procedure 15(c) applies to a petitioner's
24 attempt to amend his petition to add newly exhausted claims.  See Anthony, 236 F.3d at 576.  The
25 claims may only relate back if respondent was on notice of them before the statute of limitations
26 period expired.  Id. at 576-77.  The court finds that the claims raised in the original petition could
27 not have given the respondent notice of the current claims before the limitations period expired on
28 August 7, 2013.  The court previously summarized the claims in the original petition as follows:

3

> In the federal habeas corpus petition filed on April 15, 2013, petitioner raised six separate claims for relief.[] ECF No. 1 at 5. First petitioner asserts that the trial court prejudicially erred in admitting prior bad act evidence from 1986 and 1994. Id. Secondly, petitioner alleges that he received ineffective assistance of counsel without identifying any specific acts or omissions that prejudiced him. Id. Next petitioner contends that the Three Strikes Law is a violation of the ex post facto clause. Id. In his fourth claim for relief, petitioner alleges that the trial court imposed an illegal enhancement for elder abuse because the victim was suspected of fraud against the federal government. Id. Petitioner also contends that the police tampered with evidence. Id. Because petitioner attached a copy of his opening brief on direct appeal in the California Court of Appeal containing an additional challenge to the trial court's failure to instruct the jury on imperfect self-defense, the court will liberally construe this as petitioner's sixth claim for relief. ECF No. 1 at 16-63.

ECF No. 36 at 2-3. None of these claims provided respondent notice of the claims petitioner now seeks to add. Accordingly, they do not relate back.

Finally, the Ninth Circuit has recognized an exception to the limitations period for claims of actual innocence. Lee v. Lampert, 653 F.3d 929 (9th Cir. 2011). "In order to present otherwise time-barred claims to a federal habeas court . . . a petitioner must produce sufficient proof of his actual innocence to bring him within the narrow class of cases . . . implicating a fundamental miscarriage of justice." Id. at 937. (internal quotation marks and citations omitted). Petitioner has not produced proof of actual innocence here and this exception does not apply.

IV.   Conclusion

Based on the foregoing, the court RECOMMENDS that petitioner's motion to amend (ECF No. 86) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

////

1. within the specified time may waive the right to appeal the District Court's order. <u>Turner v.
2. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3. DATED: July 17, 2017

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE