UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALLEN SHARONOFF, | No. 2:13-cv-00794-TLN-AC |
| Petitioner, | |
| v. | **ORDER** |
| WARDEN, | |
| Respondent. | |

This matter is before the Court on Petitioner Kenneth Allen Sharonoff's ("Petitioner") two requests for clarification of this Court's order and judgment issued March 9, 2018. (ECF Nos. 96, 97.) The Court's March 9, 2018 Order adopted the findings and recommendations of the magistrate judge issued May 16, 2017 and July 18, 2017, and denied Petitioner's motion to amend. (ECF No. 94 at 2.) Petitioner filed his requests and then noticed an appeal, (ECF No. 98), which the Ninth Circuit is holding in abeyance until this Court rules on whether either of Petitioner's requests constituted one of the motions listed in Federal Rule of Appellate Procedure 4(a)(4) and, if so, whether they should be granted or denied. (ECF No. 105 at 1–2.)

For the reasons discussed below, the Court determines Petitioner's first request for clarification (ECF No. 96) constitutes one of the motions listed in Rule 4(a)4, a motion pursuant to Federal Rule of Civil Procedure 59(e), and hereby DENIES said motion (ECF No. 96). The Court determines that Petitioner's second request (ECF No. 97) does not constitute one of said

1

motions.

## I. PETITIONER'S FILINGS

Petitioner filed his first request within 12 days of entry of judgment and asked: (1) whether the denial of his petition was with or without prejudice; (2) whether he has a right to object to the order, and (3) whether the case is still pending before the court. (ECF No. 96 at 1.) Petitioner also states the basis on which he would object if permitted to do so, claiming the court stenographer's actions during trial violated his constitutional rights. (ECF No. 96 at 1.) Petitioner's second request asks only for clarification about whether the judgment was with or without prejudice. (ECF No. 97 at 1.)

Given the timing and content of Petitioner's first request for clarification, the Court construes the filing as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). *See* Fed. R. Civ. Proc. 59(e) (stating motion to alter or amend judgment must be filed no later than twenty-eight days after entry of judgment); *see Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 772 (9th Cir. 1986) (construing motion for clarification as motion to alter or amend judgment under Rule 59(e)). Accordingly, the Court will consider whether its March 2018 judgment should be reopened. *See Defenders of Wildlife v. Bernal*, 204 F.3d 920, 928–29 (9th Cir. 2000) (stating Rule 59(e) provides court with discretion to reopen judgment, amend findings, or make new findings). The Court will also clarify its recent decisions.

## II. RELEVANT PROCEDURAL HISTORY

Petitioner's confusion appears to stem in part from the fact that the Court denied his April 2013 petition (ECF No. 1) and his September 2016 motion to amend (ECF No. 86) on March 9, 2018 (ECF Nos. 93, 94), and the subsequent judgment in this action (ECF No. 95) was issued at the same time. To clarify: On May 16, 2017, the magistrate judge recommended that the petition (ECF No. 1) be denied because: (1) the state court's denial of Petitioner's claims was not objectively unreasonable, and (2) Petitioner had not established that any of his constitutional rights had been violated. (ECF No. 84 at 18–19.) On July 18, 2017, the magistrate judge also recommended that Petitioner's motion to amend, (ECF No. 86), be denied because none of the claims Petitioner moved to add to the petition were timely. (ECF No. 89 at 3–5.) Petitioner filed

2

objections to these findings by the magistrate judge. (ECF Nos. 88, 90.)

On March 9, 2018, this Court reviewed Petitioner's filings and the magistrate judge's findings and recommendations de novo. (ECF Nos. 93, 94.) The Court adopted the magistrate judge's recommendation and denied Petitioner's motion to amend, (ECF No. 94 at 2), and denied Petitioner's petition, (ECF No. 93 at 2). Further, this Court opted not to grant Petitioner a certificate of appealability to appeal the decision in the Ninth Circuit. *Id.; see* 28 U.S.C. § 2253(c)(3) (stating certificate of appealability may only issue where petitioner makes substantial showing of denial of constitutional right). Judgment was entered at that time as well. (ECF No. 95.)

### III. CLARIFICATION OF THE COURT'S ORDERS

Petitioner requests clarification about whether the Court's judgment was with or without prejudice. (ECF No. 97 at 1.) The denial of Petitioner's petition is on the merits pursuant to statute. ECF No. 84 at 1; *see* 28 U.S.C. § 2254(d) (stating writ may not be granted with respect to claim adjudicated on merits in state court proceedings unless the state court decision was contrary to or involved an unreasonable application of clearly established federal law or was based on unreasonable determination of facts in light of evidence presented). Thus, the dismissal of this case is with prejudice. The Court declined to issue a certificate of appealability because Petitioner has not shown that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted) (internal quotation marks omitted). The case was closed.

### IV. MOTION TO AMEND OR ALTER JUDGMENT

The Court will reconsider this judgment in light of Petitioner's request, (ECF No. 96), which the Court construes as a motion to amend or alter judgement under Rule 59(e). A Rule 59(e) motion is an extraordinary remedy to be used sparingly. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). A district court may only grant a Rule 59(e) motion "if it is presented with newly discovered evidence, committed *clear* error, or if there is an intervening change in the controlling law." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th

Cir. 2014) (citation omitted) (emphasis in original).

Petitioner's assertion that the trial stenographer's record of actions during his trial "could be disputed by a trier of court" and that "said actions where [sic] in violation of law and or cased [sic] doubt on truth and fairness of Superior Court Order and sentence of Guilty for murder 187 resulting in denial of constitutional rights," (ECF No. 96) (brackets added), is not newly discovered evidence. Petitioner's assertion is simply an unsupported statement, and it is one which alleges no viable violation of constitutional right. Furthermore, it fails to allege a cognizable claim that the Court's decision in this case was clear error or that there has been an intervening change in any controlling law in this matter since the Court's entry of judgment. Accordingly, the Court hereby denies Petitioner's motion to alter or amend the judgment.

IT IS HEREBY ORDERED that Petitioner's request for clarification of the Court's March 9, 2018 orders and judgment (ECF No. 96), construed as a request to alter or amend judgment under Federal Rule of Civil Procedure 59(e), is DENIED.

IT IS SO ORDERED.

Dated: September 19, 2018

_____
Troy L. Nunley
United States District Judge